UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ALTMAN GROUP, INC., ) | |
| ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 25-2193 |
| ) | |
| v. ) | |
| ) | |
| FEDERAL CROP INSURANCE CORPORATION, ) | |
| et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO THE DEFENDANT
FEDERAL CROP INSURANCE CORPORATION'S
<u>MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF</u>**

i

## TABLE OF CONTENTS

Table of Contents…………………………………………………………………………..i

Table of Authorities…………………………………………………………………………ii

Background………………………………………………………………………………1

      I.      Fundamental Issues…………………………………………………………..2

      II.     Factual Inaccuracies……………………………………………………….2

Legal Standards…………………………………………………………………………5

      I.      Declaratory Judgment…………………………………………………..5

      II.     Rule 12……………………………………………………………………5

      III.    Rule 8……………………………………………………………………...6

Argument…………………………………………………………………………….6

      I.      The Court has Subject Matter Jurisdiction………………………………………..7

      II.     The Complaint Does Not Violate Rule 8.……………………………………..15

      III.    Plaintiff Alleges a Proper Cause of Action……………………………………18

Conclusion………………………………………………………………………….19

**TABLE OF AUTHORITIES**

*Abbott Labs. v. Gardner,*
    387 U.S. 136 (1967)…………………………………………………..……….8

*Ace Property & Cas. Ins. Co. v. Federal Crop Ins. Corp.*,
    517 F.Supp.2d 391 (D. D.C. 2007)…………………………………..…………12

*Achagzai v. Broad. Bd. of Governors*,
    109 F.Supp.3d 67 (D.D.C. 2015)……………………………………………….17

*Aetna Life Ins. Co. v. Haworth,*
    300 U.S. 227 (1937)……………………………………………………………11

*American Growers Ins. Co. v. Federal Crop Ins. Corp.*,
    532 F.3d 797 (8th Cir. 2008)………………………………………………….12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)…………………………………………………………..6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)…………………………………………………………..6

*Bennett v. Schmidt*,
    153 F.3d 516 (7th Cir. 1998)…………………………………………………6, 7, 17

*Bennett v. Spear,*
    520 U.S. 154 (1997)…………………………………………………………..12

*Brown v. Califano*,
    75 F.R.D. 497 (D.D.C. 1977)………………………………………………...16, 17

*Burrell v. AT & T,*
    63 Fed.Appx. 588 (2d Cir. 2003)……………………………………………….18

*California v. Texas,*
    593 U.S. 659 (2021)…………………………………………………………...7

*Conley v. Gibson,*
    355 U.S. 41 (1957)……………………………………………………………12

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
    547 U.S. 677 (2006)…………………………………………………………...9

*Gully v. First Nat. Bank*,
    299 U.S. 109 (1936)……………………………..………………………...9

iii

*Gunn v. Minton*,
    568 U.S. 251 (2013)………………………………………………………………….10

*Harris v. Bessent,*
    775 F.Supp.3d 16 (D.D.C. 2025)…………………………………………………...7

*Hearns v. San Bernardino Police Dep't,*
    530 F.3d 1124 (9th Cir. 2008)…………………………………………………..17

*Hipage Co., Inc. v. Access2Go, Inc.,*
    589 F.Supp.2d 602 (4th Cir. 2008)…………………………………………………....11

*Hishon v. King & Spalding,*
    467 U.S. 69 (1984)……………………………………………………………………16

*Hoey v. District of Columbia,*
    540 F.Supp.2d 218 (D.D.C.2008)…………………………………………………………12

*Jiggetts v. District of Columbia*,
    319 F.R.D. 408 (D.D.C. 2017)……………………………………………………..6

*Leatherman v. Tarrant County Narcotics and Coordination Unit,*
    507 U.S. 163 (1993)…………………………………………………………………12

*Kensu v. Corizon, Inc.*,
    5 F.4th 646 (6th Cir. 2021)……………………………………………………6, 16

*King County v. Seattle School District*,
    263 U.S. 361 (1923)…………………………………………………………………..9

*Kuehl v. F.D.I.C.,*
    8 F.3d 905 (1st Cir. 1993)……………………………………………………………18

*Lerner v. Fleet Bank, N.A.,*
    318 F.3d 113, note 8 (2nd Cir. 2003)……………………………………………………12

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992)……………………………………………………………………9

*Maryland Casualty Co. v. Pacific Coal & Oil Co.,*
    312 U.S. 270 (1941)……………………………………………………………………14

*MedImmune, Inc. v. Genentech, Inc.,*
    549 U.S. 118 (2007)……………………………………………………….,,,6, 7, 14

*Prezzi v. Schelter,*
    469 F.2d 691(2d Cir. 1972), cert. denied, 411 U.S. 935 (1973)…………..………………16

*R & R Farm Enterprises, Inc. v. Federal Crop Ins. Corp., Dept. of Agriculture,*
    788 F.2d 1148 (5th Cir. 1986)…………………………………………………………...12

*Rothstein v. UBS AG,*
    708 F.3d 82 (2nd Cir. 2013)…………………………………………………………………12

*Schlesinger v. Reservists Comm. to Stop the War,*
    418 U.S. 208 (1974)……………………………………………………………………9

*Skelly Oil Co. v. Phillips Petroleum Co.,*
    339 U.S. 667 (1950)………………………………………………………………………..15

*Sparrow v. United Air Lines, Inc.,*
    216 F.3d 1111 (D.C. Cir. 2000)…………………………………………………………12

*Swierkiewicz. Sorema N.A.,*
    534 U.S. 506 (2002)………………………………………………………………………..17

*T.M. v. District of Columbia,*
    961 F.Supp.2d 169 (D.D.C. 2013)…………………………………………………………17

*Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.,*
    482 F.3d 1330 (Fed. Cir. 2007)………………………………………………………………8

*Wyoming v. U.S. Dep't of Agric.,*
    414 F.3d 1207 (10th Cir.2005)………………………………………………………………..15

**Statues**

5 U.S.C. § 702……………………………………………………………………………………11

7 U.S.C. §§ 1501-1524……………………………………………1, 3, 5, 10, 14, 16, 19

7 U.S.C. § 1506……………………………………………………………………..1, 10, 11, 12

7 U.S.C. § 1507………………………………………..………………1, 2, 4, 5, 8, 10, 13, 14, 15, 19

7 U.S.C. § 1508……………………………………………………………………………………5

7 U.S.C. § 1516……………………………………………………………………………………1

28 U.S.C. § 1331…………………………………………………………………...…1, 9

28 U.S.C. § 2201(a)………………………………………………………………………..6

**Federal Rules of Civil Procedure**

Rule 8……………………………………………………………………6, 16, 17, 18

Rule 12………………………………………………………………………..6, 12

**Other**

7 C.F.R. chapter IV………………………………………………………………………1

Agent Compensation - Schemes or Devices | Risk Management Agency………………………4

GAO-09-445 Crop Insurance: Opportunities Exist to Reduce the
         Costs of Administering the Program……………………………………………………4

GAO-04-517 Crop Insurance: USDA Needs to Improve Oversight of
     Insurance Companies and Develop a Policy to
     Address Any Future Insolvencies………………………………………………………4

Standard Reinsurance Agreement………………………………2, 3, 4,5, 7, 8, 10, 13, 14, 19

**BACKGROUND**

Plaintiff, the Altman Group, Inc. ("Plaintiff"), respectfully submits this Response to Defendant, Federal Crop Insurance Corporation's ("Defendant FCIC") Motion to Dismiss. This Court has subject matter jurisdiction under 7 U.S.C. § 1506(d) and 28 U.S.C. § 1331 because § 1506(d) provides a waiver of sovereign immunity recognized by the courts and Plaintiff has presented a federal question because its Complaint establishes that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. In addition, Plaintiff has alleged a concrete injury, specifically a reduction in agent commissions paid for the 2021-present reinsurance years, as a direct result of the conduct of both Defendants. *See* Complaint ¶¶ 207-209. Plaintiff alleges that 7 U.S.C. § 1507(c)(3) determines how agent compensation must be established (Complaint ¶ 8, 63, 124). Plaintiff alleges that Defendant ProAg did not pay Plaintiffs' commissions in compliance with § 1507(c)(3). *See* Complaint ¶¶ 188, 352-354. Plaintiff alleges that Defendant FCIC, who administers the Federal crop insurance program that provides the funding for the payment of agent commissions[1], has a duty to require Defendant Producers Agriculture Insurance Company's ("Defendant ProAg") to comply with § 1507(c)(3). *See* Complaint ¶¶ 9, 142, 171-180). Plaintiff alleges that Defendant FCIC's failed in this duty. *See* Complaint ¶¶ 275, 346, 355). Plaintiff alleges this duty resulted in Defendant ProAg drastically reducing commissions paid to Plaintiff since 2021. *See* Complaint ¶¶ 10, 128, 181. In addition, there is generally little dispute that the Federal crop insurance program is a complex program with participants ranging from insurance companies, agents, agencies, general managing agents, policy issuing companies, loss adjusters, farmers, other affiliates, and Defendant FCIC. The relationships between these participants are complex and their conduct is governed by the Federal Crop

---

[1] 7 U.S.C. § 1516(a)(2)(A) and (b)(1)(B).

Insurance Act ("FCIA")(7 U.S.C. §§ 1501-1524), the regulations published at 7 C.F.R. chapter IV, the crop insurance policies, actuarial documents, the Standard Reinsurance Agreement ("SRA"), handbooks, bulletins, memorandum and other directives published by Defendant FCIC. Therefore, Plaintiff thought it was prudent to provide sufficient detail to ensure a clear understanding of the conduct of the parties, their relationships, and the applicable laws, regulations, etc. to avoid any confusion regarding issues raised in the Complaint and establish that there is definite and concrete dispute, touching the legal relations of parties, demonstrating the parties have adverse legal interests, that are real and substantial, and the relief will be conclusive in nature.

## I.  **Fundamental Issues**

Declaratory judgment is used to declare the rights and other legal relations of any interested party seeking such declaration. That is what this case is about. Plaintiff first asks this Court to declare its rights regarding whether an amendment to a contract is valid when the contract requires both parties to sign the amendment and only one party was given the opportunity to sign. Plaintiff next asks for the Court to declare the rights and legal relations of the parties regarding the meaning of the language in section § 1507(c)(3). Depending on the answer to this question, Plaintiff then asks the Court to declare the rights and legal relations of the parties regarding whether Plaintiff's contracts with the Defendant ProAg are in violation of § 1507(c)(3). Plaintiff is asking this Court to declare the rights and legal relations of the parties regarding whether Defendant FCIC, as the administrator and regulator of the Federal crop insurance program, has a duty to ensure that all program participants comply with the requirements of the FCIA, including § 1507(c)(3). Plaintiff is asking this Court to recognize that Defendant ProAg has already determined reasonable compensation for agents performing the same tasks and that Plaintiff simply asks for the same

compensation. These rights and obligations of the parties are necessary to be resolved before Plaintiff can determine whether it can recover the millions of dollars it lost in agent compensation.

## II. <u>Factual Inaccuracies</u>

Defendant FCIC has made several references regarding the Federal crop insurance program that are factually inaccurate or misrepresentative. For instance, Defendant FCIC states:

1. "Crop insurance policies are fully reinsured by the FCIC so long as the insurance companies use the standard policy guidelines, including terms and conditions, established by the FCIC." Defendant FCIC's Memorandum in Support, page 2 ("Memorandum"). However, the SRA defines an "eligible crop insurance contract" as "an insurance contract with an eligible producer: (1) covering an agricultural commodity authorized to be insured under the Act and approved for sale by FCIC; (2) with terms and conditions in effect as of the applicable contract change date; (3) <u>that is sold and serviced in accordance with the Act</u>, FCIC regulations, FCIC procedures, and this Agreement; and (4) that has a sales closing date within the reinsurance year." (Emphasis added). This is far more expansive than suggested by Defendant FCIC.

2. "AIPs generally pay agents a percentage of the premium, as well as ongoing payments (residuals) as farmers renew policies each year." Memorandum, page 2. Agents receive a percentage of the administrative and operating ("A&O") subsidy in accordance with section III(a)(4) of the SRA. There are no other ongoing payment or residuals authorized by the FCIA or SRA.

3. "Plaintiff does not, and cannot, allege that RMA has ever dictated the rate at which AIPs must compensate their agents or evaluated agent contracts with AIPs." Memorandum, page 2. Plaintiff alleged in paragraphs 66-69, 198, and 292 that

3

Defendant FCIC dictates the amount of compensation paid to agents under section III(a)(4) of the SRA.

4. "FCIC has never set rates for agents because it lacks authority to do so." Memorandum, page 3. When renegotiating the 2011 SRA, Defendant FCIC expressly got involved in agent compensation after the largest AIP failed in 2002 and its oversight was found inadequate and agent compensation at times exceeded the A&O paid to the AIP. GAO-09-445 Crop Insurance: Opportunities Exist to Reduce the Costs of Administering the Program; GAO-04-517 Crop Insurance: USDA Needs to Improve Oversight of Insurance Companies and Develop a Policy to Address Any Future Insolvencies; Agent Compensation - Schemes or Devices | Risk Management Agency. Section III(a)(4) was added to the 2011 and successive SRAs to limit the rate of agent compensation to up to 80 percent of the total amount of A&O subsidy and catastrophic risk protection loss adjustment expense subsidy ("CAT LAE") in the state and this amount may only be exceeded if the AIP has an underwriting gain in the state, which allows payment up to 100 percent of the A&O subsidy and CAT LAE. Defendant FCIC can and has dictated the rate at which agents were compensated at least with respect to the maximums.

5. "The language "shall work actively" is very different from the general language that appears in section 1507, which is qualified by use of the words "to the maximum extent possible" and "encourage."" Memorandum, page 4. Defendant FCIC ignores the actual provision in § 1507(c)(3), which states "the agent or broker shall be reasonably compensated. . ." (Emphasis added). This language is mandatory, not permissive as suggested by Defendant FCIC.

4

6. "Importantly, agents are not parties to this contract and cannot change the reimbursement amount RMA pays AIPs. For the same reason, RMA cannot alter the amount AIPs negotiate to pay their agents. There is no authority, and Plaintiff points to none, that allows RMA to change a term to a contract to which it is not a party." Memorandum, page 4. Defendant FCIC misunderstands Plaintiff's claims. The foundation of Plaintiff's claims is that § 1507(c)(3) states the manner in which agent compensation is to be paid, Defendant ProAg violated this provision, and Defendant FCIC, as the program administrator and regulator, has a duty to require Defendant ProAg to comply with § 1507(c)(3). Since § 1507(c)(3) is incorporated into the SRA and Defendant ProAg's contracts with Plaintiff by reference, there is no need to revise any contracts. Defendant FCIC has the authority under the SRA to require Defendant ProAg's contracts with Plaintiff to comply with § 1507(c)(3).

7. "AIP compensation is governed by the SRA, while agent compensation is governed by contracts between AIPs and agents." Memorandum, page 4. Both AIP compensation and agent compensation are governed by the FCIA, specifically 7 U.S.C. § 1508(k) and § 1507(c)(3) respectively. Since the SRA and ProAg's contract with Plaintiff incorporates the FCIA by reference, § 1507(c)(3) governs the contracts between AIPs and agents and is binding on the parties.

## LEGAL STANDARDS

### I.     Declaratory Judgment

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, <u>whether or not further relief is or could be sought</u>."

5

(Emphasis added). *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, (2007); 28 U.S.C. § 2201(a). *Medimmune* held that for jurisdiction, the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 127.

## II.     Rule 12

To survive dismissal requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009)(quotations and citation omitted).

## III.    Rule 8

"[W]hat is a proper length and level of clarity for a pleading ... is largely a matter that is left for the discretion of the trial court" and varies from case to case depending on "the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017).  The courts have held that a short and plain statement of a claim or a simple, clear, and direct allegation will depend on the totality of the circumstances: more complicated cases will generally require more pleading. *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021).

### ARGUMENT

## I.      The Court has Subject Matter Jurisdiction

6

A.    **The Declaratory Judgment Act and a Valid Federal Question Provides Jurisdiction.**

Defendant FCIC states at length that this court does not have jurisdiction because the Declaratory Judgment Act does not alone provide the court with jurisdiction. Memorandum, page 11. However, the courts have stated that the Declaratory Judgment does confer jurisdiction of the court if the declaratory judgment actions satisfies Article III's case-or-controversy requirement. *California v. Texas,* 593 U.S. 659, 672 (2021); citing M*edImmune*, 549 at 126–127; *see also Harris v. Bessent,* 775 F.Supp.3d 16 (D.D.C. 2025).

The Supreme Court held that the dispute must "be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *California,* 593 at 672. This means for a declaratory judgment plaintiff is only required to satisfy Article III, which includes standing and ripeness, by showing under "all the circumstances" an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that is of "sufficient immediacy and reality to warrant the issuance of declaratory judgment." *MedImmune,* 549 at 126–127  (internal citations omitted).

Plaintiff's Complaint alleges that there is a substantial controversy and that the interests between the Plaintiff and the Defendants are adverse, with Plaintiff claiming that:

1.   Defendant ProAg violated its contract with Plaintiff when Defendant ProAg executed an amendment to the contract effective for 2024 and succeeding years without the required signature of Plaintiff. *See* Complaint ¶¶ 134-139.

2.  Defendant ProAg violated the SRA when it required Plaintiffs to move policies to other AIPs when they were still eligible for insurance. *See* Complaint ¶¶ 171-180.

7

3. Defendant FCIC had a duty to require Defendant ProAg comply with the SRA and failed in its duty. *See* Complaint ¶¶ 171-180.

4. Defendant FCIC had a duty to require that Defendant ProAg comply with § 1507(c)(3) and failed in that duty. *See* Complaint ¶¶141-152.

5. Defendant FCIC had a duty to enforce the terms of the SRA and failed in its duty when it allowed Defendant ProAg to select which policies it would insure based on loss ratio. *See* Complaint ¶¶ 157-168; 171-181.

6. Defendants' interpretation and actions regarding § 1507(c)(3) are not consistent with the plain language of the statute. *See* Complaint ¶¶ 185-197; 213-237; 253-275, 284-316, 345-346.

Ripeness can be an issue in obtaining anticipatory relief like declaratory judgments. *Abbott Labs. v. Gardner,* 387 U.S. 136, 149-150 (1967). The doctrine of ripeness focuses on the conduct of the defendant to determine whether the defendants actions have harmed, are harming, or are about to harm the plaintiff. *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330, 1337 (Fed. Cir. 2007). Plaintiffs' Complaint alleges that it has been harmed since Plaintiff has had their commissions reduced by millions of dollars from 2021 through present. *See* Complaint ¶¶ 202-209, 290, 300.

The court held that a "controversy" is "ripe" if the question presented is "fit for judicial review," meaning it is entirely or substantially a question of law and postponing a decision would work a substantial hardship on the challenging party. *Id*. This case is entirely or substantially a question of law since it turns on the meaning of § 1507(c)(3) and the rights and obligations of the parties under the SRA and agency contracts that incorporate § 1507(c)(3) by reference. Postponing

8

the decision would result in Plaintiff losing millions of dollars in agent commissions for the present and future years, likely resulting in it going out of business.

Of the three standing requirements for Article III jurisdiction, injury-in-fact is the most determinative. *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 218 (1974). An injury-in-fact must be "personal," "concrete and particularized," and "actual or imminent." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Plaintiff suffered an injury in fact, that is concrete, particularized and actual. As stated above, Plaintiff alleges that it lost millions in commissions as a result of the failures of Defendants to comply with the statutory and contractual obligations. Therefore, Plaintiff has satisfied Article III's case-or-controversy requirement conferring jurisdiction on this court.

Defendant FCIC also claims the Complaint fails to provide a basis for federal question jurisdiction under 28 U.S.C. § 1331. Defendant FCIC cites to *Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936). However, Defendant FCIC ignores that *Gully* states "The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. *Id*. at 113; citing *King County v. Seattle School District*, 263 U.S. 361, 363, 364 (1923). Effectively, the court held there must be an Article III case or controversy. *Id.* at 364. As stated above, Plaintiff has already established that the Complaint met the requirements for Article III case or controversy.

A case arises under federal law, establishing federal question jurisdiction under 28 U.S.C. § 1331, if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (Emphasis added). The federal issue must be "(1) necessarily raised, (2) actually disputed, (3)

9

substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The federal issue is "substantial" if it is "importan[t] ... to the federal system as a whole." *Id.* at 260.

As stated above, Plaintiff alleges that the Complaint expressly raised the question of an interpretation of § 1507(c)(3) and Defendant FCIC's obligations as a regulator under the FCIA, regulations and SRA is to ensure compliance with these provisions. *See* Complaint ¶¶ 9, 142-148, 185, 239. Plaintiff alleges that the Complaint expressly raised the question of an interpretation of § 1507(c)(3) as it relates to the SRA and Defendant ProAg's contracts with Plaintiff. *See* Complaint ¶¶ 8, 9, 13-15, 186-205, 215-237, 239. The Complaint alleges questions of law regarding the meaning of 7 U.S.C. §§ 508(b)(7) and 508(c)(9) and 7 C.F.R. § 457.8(b) as they relate to Plaintiff's allegations that Defendant ProAg violated the SRA by cherry picking policies. Complaint ¶¶ 157-168. Therefore, the federal question was raised.

Plaintiff alleges the federal issue was disputed by Defendant FCIC's refusal to act, creating an actual dispute. *See* Complaint ¶¶ 94, 96, 97, 107-109, 111-116, 119, 249. The Complaint also alleges the dispute is substantial because it involves numerous policies over a number of years, resulting in damages in the millions of dollars. *See* Complaint ¶¶ 113, 207-209. Further, these questions of law are capable of resolution in the federal court without affecting the federal-state balance because § 1507(c)(3) preempts state law under 7 U.S.C. § 1506(l). Lastly, the questions of interpretations and duties stated in the Complaint are important to the Federal crop insurance program because there are hundreds of agents in Texas, and potentially thousands throughout the country that are in a similar position to Plaintiffs and who have been harmed by the conduct alleged. Therefore, under the well pleaded complaint rule, Plaintiff has raised a federal question giving rise to the jurisdiction of this Court.

Further, Defendant FCIC argues that this Court should not consider Plaintiff's claims because Plaintiff has not availed itself of the right to review the agency's actions under the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"). However, Plaintiff is authorized to seek a declaration of the rights and responsibilities of the parties before filing a claim for damages. In *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-241 (1937), the court held that "where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages." *Id.* at 241 (citations omitted).

The courts have also held that the purpose of the Declaratory Judgment Act is to "allow[ ] the uncertain party to gain relief from the insecurity caused by a potential suit waiting in the wings." *Hipage Co., Inc. v. Access2Go, Inc.,* 589 F.Supp.2d 602, 615 (4th Cir. 2008). This is the exact purpose of Plaintiffs requests for declaratory judgment. Plaintiff is seeking to determine the rights and obligations of the parties regarding the applicable statutory and contractual requirements before they seek damages against the Defendant.

Since Plaintiff's Complaint satisfies the requirement for jurisdiction under the Declaratory Judgment Act and Plaintiff raises a valid federal question, this court should deny Defendant FCIC's motion to dismiss.

### B.      The United States Has Waived Sovereign Immunity.

Defendant FCIC claims that Plaintiff has failed to identify or establish a waiver of sovereign immunity. Memorandum, page 14. Defendant FCIC claims that 7 U.S.C. § 1506(d) only established that FCIC may sue and be sued in its corporate name and is not a waiver of sovereign immunity. *Id.* This assertion is incorrect. The courts have held that Congress expressly waived

11

sovereign immunity for suits against the FCIC under 7 U.S.C. § 1506(d). *American Growers Ins. Co. v. Federal Crop Ins. Corp.*, 532 F.3d 797, 800 (8th Cir. 2008); *Ace Property & Cas. Ins. Co. v. Federal Crop Ins. Corp.*, 517 F.Supp.2d 391, 414 (D. D.C. 2007); *R & R Farm Enterprises, Inc. v. Federal Crop Ins. Corp., Dept. of Agriculture,* 788 F.2d 1148, 1152 (5th Cir. 1986). Therefore, this Court has subject matter jurisdiction and Defendant FCIC's motion to dismiss should be denied.

### C.  Plaintiff has Standing to Challenge FCIC's Activities.

Defendant FCIC claims that Plaintiff lacks standing because it has not shown an injury "fairly traceable" to the alleged unlawful conduct since Plaintiff has engaged "in a series of speculations." Memorandum, page 14-15. A motion to dismiss will not be granted unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). "When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor." *Hoey v. District of Columbia,* 540 F.Supp.2d 218, 224 (D.D.C.2008) (citing *Leatherman v. Tarrant County Narcotics and Coordination Unit,* 507 U.S. 163, 164 (1993)). The plaintiff must therefore be given "the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C.Cir.2000). Therefore, the question is whether Plaintiff has pled sufficiently to allege a personal injury fairly traceable to Defendant FCIC's alleged unlawful conduct and Plaintiff's allegations are presumed to be true.

At the pleading stage of the litigation, the plaintiffs' burden of alleging that their injury is "fairly traceable" to the challenged act is relatively modest. *Rothstein v. UBS AG,* 708 F.3d 82 (2nd Cir. 2013). The "fairly traceable" standard is lower than that of proximate cause, *see, e.g., Bennett v. Spear,* 520 U.S. 154, 168–71(1997), *Lerner v. Fleet Bank, N.A.,* 318 F.3d 113, note 8 (2nd Cir.

2003)("plaintiffs allege that their injuries were fairly traceable to defendants' conduct because had defendants met their reporting requirements Schick would have been disbarred promptly, and plaintiffs would have ceased investing in Schick's scheme. Thus, plaintiffs' complaint is founded upon the allegation that the New York reporting requirements applied to the bank accounts Schick used.).

Defendant FCIC claims that Plaintiff is "speculating" that FCIC will take regulatory action addressing agent commission rates and possibly taking enforcement action against Defendant ProAg. *Id.* at 15. Defendant FCIC claims that it is speculative whether the conduct complained of merits regulatory action. *Id.* First, Defendant FCIC ignores the language in § 1507(c)(3), which states "in which case the agent or broker shall be reasonably compensated from premiums paid by the insured for such sales and renewals recognizing the function of the agent or broker to provide continuing services while the insurance is in effect." (Emphasis added). This provision is incorporated by reference into the definition of "Agreement" in section I of the SRA and incorporated by reference into Defendant ProAg's contracts with Plaintiff. Therefore, this is a contractual compliance issue, whether the commission paid to Plaintiff is consistent with § 1507(c)(3), not a regulatory issue.

Second, as stated above when discussing Article III standing, Plaintiff alleges it suffered an injury from the reduction in agent commissions imposed by Defendant ProAg. Plaintiff alleges this injury is fairly traceable to Defendant ProAg's: 1) impermissible amendment to the contract (Complaint ¶¶134-139) and 2) violation of such contract when it failed to comply with § 1507(c)(3) (Complaint ¶¶ 184-239). Plaintiff alleges this injury is fairly traceable to Defendant FCIC because it had an obligation to ensure that Defendant ProAg was in compliance with § 1507(c)(3) and it failed to take any action to require Defendant ProAg comply. *See* Complaint ¶¶ 141-152. Plaintiff

13

alleges that its financial harm is traceable to both Defendants' failures to comply with § 1507(c)(3). *See* Complaint ¶¶ 202-209, 290, 300.

Defendant FCIC also alleges "Plaintiff does not make any factual allegations establishing that the relief it seeks—that is, a court order directing FCIC to engage in specific regulatory and enforcement activity—will be likely to redress its injury, as the specific government activity that could result is too speculative." Memorandum, page 16. Plaintiff alleges that payment of agent commissions must be made in compliance with § 1507(c)(3). *See* Complaint ¶¶ 146. If this Court holds that Defendant FCIC has a duty to ensure compliance with the FCIA and SRA, then it must require Defendant ProAg to comply with § 1507(c)(3). This is not speculative because it will directly redress Plaintiff's injury by ensuring that it is compensated in the manner established by Congress.  Plaintiff has standing and Defendant FCIC's motion to dismiss should be denied.

### D.    Plaintiff Properly Seeks Declaratory Judgments.

Defendant FCIC alleges that Plaintiff has sought merely advisory opinions because it has failed to assert any changes in the parties' relations. Memorandum, pages 16-17. The divide between a valid declaratory judgment and an invalid advisory opinion can be narrow. *MedImmune,* at 127. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy any reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co.,* 312 U.S. 270, 273 (1941).  As stated above, Plaintiff's Complaint establishes these elements There is a controversy between the parties regarding the meaning of § 1507(c)(3), that the interest if the parties are adverse, and that Plaintiff has, and continues, to suffer immediate and substantial financial injury as a result of this controversy.

14

Further, the courts have held that the Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 672 (1950). Therefore, the fact that Defendants may be required to take additional action to ensure that Plaintiff's past and future compensation is in accordance with § 1507(c)(3) is not a basis to deny Plaintiff's request for declaratory action.

Defendant FCIC claims that Plaintiff's primary dispute is with Defendant ProAg. Memorandum, page 17. The crux of Plaintiff's case is that Defendant FCIC has oversight and regulatory obligations over the Federal crop insurance program requiring it to ensure that all program participants, including itself and all AIPs, comply with the statutory, regulatory, and contractual requirements.  Plaintiff has implored Defendant FCIC to require that Defendant ProAg comply with § 1507(c)(3), and it has refused. *See* Complaint ¶¶ 249-256. The bulk of Plaintiff's actions to date were directed at Defendant FCIC.

"The crucial question is whether granting a *present* determination of the issues offered will have some effect in the real world." *Wyoming v. U.S. Dep't of Agric.,* 414 F.3d 1207, 1212 (10th Cir. 2005).  Defendant FCIC asserts that resolution is speculative because it relies on some future regulatory action that increased backward and forward-looking compensation to Plaintiff. Memorandum, page 17. Defendant FCIC claims that granting Plaintiff's relief would not ameliorate its claims. Memorandum, page 17.

These assertions are incorrect.  If this Court were to grant the relief Plaintiff sought, all of Plaintiff's contracts and Commission Schedules with Defendant ProAg will be required to be revised to comply with § 1507(c)(3). This would be a change between the parties' relations. If Plaintiffs' relief were granted, Defendant FCIC will be required to ensure Defendant ProAg's agent

contracts conform with the FCIA. This would be a change in the parties' relations. Once relief is granted and the contracts revised, Plaintiff will be entitled to the additional agent compensation sought and this will be a change in the parties' relations. Plaintiff has properly sought declaratory judgments; therefore, this Court should deny Defendant FCIC's motion to dismiss.

## II.    The Complaint Does Not Violate Rule 8.

Rule 8(f) provides that all pleadings shall be so construed as to do substantial justice and the simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). Defendant FCIC claims that Plaintiff's Complaint violates Rule 8 because it is neither "short" nor "plain". Memorandum, page 18.

What is a short and plain statement of a claim or a simple, clear, and direct allegation will depend on the totality of the circumstances such that more complicated cases will generally require more pleading. *Kensu v. Corizon, Inc.* 5 F.4th 646, 651 (6th Cir. 2021). Defendant FCIC admits that Plaintiff is seeking declaratory judgment on twenty-six topics and each is lengthy and multi-faceted. *Id.* at 18. The crop insurance program is complex. Plaintiff included details to describe the conduct to date, the relationship between the parties, the facts to demonstrate that there is a dispute between Defendants and Plaintiff, the facts to demonstrate the interests of the parties are adverse, that Plaintiff sought to resolve the dispute, and that Plaintiff suffered actual financial harm. These facts are necessary to establish the requisite elements to a declaratory judgment action.

The courts have unhesitatingly dismissed actions where the complaint: consisted of "a labyrinthian prolixity of unrelated and vituperative charges that def(y) comprehension . . ." *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) citing *Prezzi v. Schelter,* 469 F.2d 691, 692

16

(2d Cir. 1972), cert. denied, 411 U.S. 935 (1973)(other citations omitted). Dismissal under Rule 8 is typically reserved for complaints that are so excessively long as to be unmanageable, or so poorly conceived and drafted that it is difficult to decipher a coherent, viable cause of action. *T.M. v. District of Columbia,* 961 F.Supp.2d 169, 175 (D.D.C. 2013)(Although the complaint undoubtedly contains more detail than necessary to meet the bare bones requirement of Rule 8, it is important to keep in mind that the "short and plain statement" is a "*minimum* standard" for pleadings.). Defendant FCIC does not allege that Plaintiff's Complaint is incoherent or defies comprehension. Defendant FCIC's sole basis is that the Complaint is too long. While excessive length may indicate a lack of requisite concision and simplicity, it cannot be the sole factor justifying dismissal. *Bennet v Schmidt*, 153 F.3d 516, 518 (6th Cir. 1998); *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132–33 (9th Cir. 2008) (finding it an abuse of discretion to dismiss with prejudice a "long but intelligible" complaint that "allege[d] viable, coherent claims").

In addition, the courts have held that fat in a complaint can be ignored, and confusion or ambiguity dealt with by means other than dismissal. *Bennett,* 153 F.3d at 518. "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint ... and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Achagzai v. Broad. Bd. of Governors*, 109 F.Supp.3d 67, 69 (D.D.C. 2015) (citations omitted).

In fact, where the Complaint provides additional relevant detail in a logical and coherent fashion, it serves to advance the rule's purpose of "giv[ing] fair notice of the claim being asserted." *Brown,* at 498. The Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) held that although the Complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons

17

involved with his termination, these allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest.

Plaintiff's Complaint provided a chronological discussion of the interactions between the parties and text of the contracts necessary to satisfy the elements for a declaratory judgment action. In addition, Defendant FCIC does not claim that the length of the Complaint makes it too confusing or unintelligible, it simply states it is too long. The courts have held that this cannot be the sole basis for dismissal under Rule 8.

In the alternative, if this Court finds that Plaintiff violated Rule 8, Plaintiff respectfully requests this Court provide leave to amend the complaint. A court must be cautious about dismissing a case *with prejudice* on Rule 8 grounds, because doing so forecloses the plaintiff's opportunity to file a cured complaint in future proceedings and start the action anew. *Burrell v. AT & T*, 63 Fed.Appx. 588, 589 (2d Cir. 2003) (noting that dismissing the action without prejudice is "a lesser sanction than dismissal with prejudice"); *see* also *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993).(explaining that the "federal rules promote the disposition of claims on the merits rather than on the basis of technicalities," so "courts should be reluctant to impose a dismissal with prejudice for a rules violation that is neither persistent nor vexatious, particularly without some review of the merits"). Thus, dismissals *without* prejudice are the norm absent exceptional circumstances, such as where "a party fails or refuses to file an amended and simplified pleading or does not exercise good faith in purporting to do so[.]" *Griffin v. Milwaukee Cty.*, 369 Fed.Appx. 741, 743 (7th Cir. 2010).

Therefore, Defendant FCIC's motion to dismiss should be denied. In the alternative, if this Court finds that the Complaint violates Rule 8, Plaintiff respectfully asks for leave to amend the Complaint.

### III.    Plaintiff Alleges a Proper Cause of Action

Defendant FCIC claims that the Declaratory Judgment Act nor the FCIA provides a cause of action for Plaintiff's claims. Memorandum, page 20. Defendant FCIC claims that the FCIA does not require FCIC to act regarding agent commissions because it uses permissive terms. *Id.*

As stated above, this is incorrect, § 1507(c)(3) states that agents "shall be reasonably compensated from premiums paid by the insured for such sales and renewals recognizing the function of the agent or broker to provide continuing services while the insurance is in effect." (Emphasis added). Section 1507(c)(3) states how agents are compensated and, as stated above, a violation of this provision creates an Article III case or controversy.  At the heart of this Complaint is that Defendant FCIC has an obligation to enforce the provisions of the FCIA and SRA and that it failed to do so with respect to the agent compensation under § 1507(c)(3), resulting in significant financial harm to Plaintiff, which is sufficient to grant this court jurisdiction.

<b>CONCLUSION</b>

For these reasons, this Court should deny Defendant FCIC's motion to dismiss.

Dated: February 22, 2026                    Respectfully submitted,

/s/ Kimberley Arrigo_____

Kimberley Arrigo (DC Bar Number 983330)
Arrigo Risk Consulting PLLC
3813 Bayview Dr.
Chesapeake Beach, MD 20732
703-298-6245
*Counsel for Plaintiff Altman Group, Inc.*

19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ALTMAN GROUP, INC., ) | |
| ) | |
| ) | |
| Plaintiff,  ) | Civil Action No.: 25-2193 |
| ) | |
| v.  ) | |
| ) | |
| FEDERAL CROP INSURANCE CORPORATION, ) | |
| et al.,  ) | |
| ) | |
| ) | |
| Defendants.  ) | |
| ) | |

**[PROPOSED] ORDER**

UPON CONSIDERATION of the Defendant Federal Crop Insurance Corporation's

Motion to Dismiss in the above captioned matter, and the entire record herein, it is herby

ORDERED that Defendant Federal Crop Insurance Corporation's Motion to Dismiss is

DENIED.

SO ORDERED:

_____                _____
Date                                                        Sparkle L Sooknanan
                                                              United States District Judge