UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE ALTMAN GROUP, INC.,

                Plaintiff,

           v.

FEDERAL CROP INSURANCE CORP., *et al*.,

                Defendants.

Civil Action No. 25-2193 (SLS)

**FEDERAL DEFENDANT'S SUPPLEMENTAL MEMORANDUM REGARDING
<u>SOVEREIGN IMMUNITY</u>**

Pursuant to the Court's Minute Order of April 14, 2026, Defendant Federal Crop Insurance Corporation ("FCIC") hereby submits a supplemental memorandum explaining the FCIC's position on whether the Federal Crop Insurance Act ("FCIA"), 7 U.S.C. § 1506(d), waives the FCIC's immunity from suit. FCIC respectfully submits that it is immune from suit in this case because suits by insurance agents for declaratory relief do not come within the scope of section 1506's "sue and be sued" provision. By contrast, FCIC's position in *Brisk Ins. Servs. LLC v. FCIC* is based on the sovereign immunity waiver in the Administrative Procedure Act ("APA") and the particular relief requested there, as described further below. *See* Opp'n to Emergency Stay Motion, ECF No. 8, *Brisk Ins. Servs. LLC v. FCIC*, No. 26-cv-842 (D.D.C.) ("Opp'n").

In this suit, Plaintiff The Altman Group, Inc. ("Altman") is a crop insurance agent seeking a series of declaratory judgments in an attempt to impose duties on FCIC in an effort to increase its compensation from an insurance company for selling federally subsidized crop insurance. Altman asserts no APA claims. In *Brisk Ins. Servs.,* the plaintiff is a software company bringing APA claims that challenge a guidance document with a potential financial impact on its business

as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law. *See generally* Compl., ECF No. 1, *Brisk Ins. Servs. LLC v. FCIC et al.* (citing 5 U.S.C. § 701). The APA waives federal sovereign immunity in the context of suits for non-monetary relief, such as injunctions or declaratory judgments, against federal agencies and officers. 5 U.S.C. § 702. Section 702's sovereign immunity waiver does not apply, however, if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought. *Id.; Crowley Gov't Servs. v. GSA*, 38 4th 1099, 1106 (D.C. Cir. 2022). As to cases against the FCIC, the FCIA, 7 U.S.C. § 1506(d), limits sovereign immunity in APA matters, as it states, "the Corporation . . . may sue and be sued in its corporate name, but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Corporation or its property."

In its opposition to the emergency stay motion filed in *Brisk Ins. Servs.* (Opp'n)*,* the FCIC addresses sovereign immunity. The brief first acknowledges *R & R Farm Enterprises, Inc. v. Federal Crop Insur. Corp.,* 788 F.2d 1148, 1152 (5th Cir. 1986), in which the Fifth Circuit stated that "sue and be sued" clauses have "been construed as a waiver of sovereign immunity for certain purposes." *See* Opp'n at 10. The brief then states that "the 'sue and be sued' language, however, is not determinative." *Id.* at 11. From there, it focuses on the FCIA provision stating that even where FCIC may be sued, "no . . . injunction . . . or other similar process . . . shall be issued[.]" *Id.* at 11-12. Because the *Brisk Ins. Servs.* plaintiff is suing under the APA and seeking relief other than money damages, the APA generally would provide a sovereign immunity waiver, and FCIC focuses its analysis on the FCIA provision that excludes injunctions from the waiver. This provision is relevant because the *Brisk Ins. Servs.* sought a so-called "stay," which appears equivalent to an injunction or "other similar process." *See id.*

In contrast, in this matter, Altman has not brought an APA claim. No waiver of sovereign immunity exists as to Altman's claims, because 7 U.S.C. § 1506(d) establishes that FCIC may sue and be sued in its corporate name but does not waive sovereign immunity for an agent's suit for declaratory judgments relating to the agent's compensation. In contrast, the FCIA explicitly provides for suits against it in specific circumstances. For example, if a claim for indemnity is denied by the FCIC or an Approved Insurance Provider, "an action on the claim may be brought against the [FCIC] or the Secretary only in the United States district court for the district in which the insured farm is located." 7 U.S.C. § 1508(j)(2)(A). Thus, in *R & R Farm Enterprises,* the Fifth Circuit analyzed the burden of proof applicable where an insured party, a farmer, alleged that FCIC inappropriately denied part of a crop insurance claim, without specifically addressing whether the plaintiff had overcome sovereign immunity. 788 F.2d at 1151. Separately, the court in that case analyzed whether the district court had properly awarded pre- and post-judgment interest to plaintiff in light of the Government's general immunity from suit. *Id.* at 1152-53. The court recognized that "interest on claims against the United States cannot be recovered in the absence of a specific provision to the contrary in a contract or statute or express consent of Congress." *Id.* at 1152 (citations omitted). It then set forth the principle that the scope of the sovereign immunity waiver was the crucial issue. *Id.*

The Supreme Court has stated that "waiver of sovereign immunity is accomplished not by 'a ritualistic formula'; rather intent to waive immunity and the scope of such a waiver can only be ascertained by reference to underlying congressional policy." *Franchise Tax Bd. of Cal. v. U.S. Postal Serv.*, 467 U.S. 512, 521 (1984) (citation omitted). The Supreme Court held in that case that the Postal Service was not immune from administrative garnishment proceedings by state taxing authorities based on a waiver of sovereign immunity. The Court found it significant that Congress

had intended to create the Postal Service as a self-sustaining corporation, and that garnishment would not impose liability upon the Service. *Id*. at 520-21 & nn.13-14. In contrast, in *United States v. Worley*, 281 U.S. 339, 342 (1930), the Government, as provider of disability insurance, had refused to award pre- and post-judgment interest to beneficiaries of an insurance policy purchased by a U.S. military member through a government-funded program during World War I. In that case, the United States bore the administrative expenses and significant costs arising from the relevant insurance program. *Id*. at 343. The statute did not explicitly provide that a plaintiff could recover the costs of litigation. *Id.* For these reasons, the Court held that the Government did not "stand in the position of one who as gone into the business of insurance," and thus sovereign immunity prevented the plaintiff from being entitled to recover the costs of litigation. *Id.* at 340, 343-344.

In applying these precedents to the FCIC, the *R&R Farm Enterprises* court stated that the agency "represented an experimental, pioneering effort to insure against crop losses in a market where commercial insurers had feared to tread." 788 F.2d at 1153. The court highlighted Congress's sequential expansions of the program and significant funding allocations. *Id.* For these reasons, the court determined that the FCIC was not comparable to a business, and sovereign immunity barred the court from awarding pre- and post-judgment interest to the plaintiff. Specifically, the court held:

> The FCIC, in short, represents one of a panoply of government programs designed to encourage, by subsidy if necessary, the nation's agricultural business. An award of interest is not essential to proper functioning of the FCIC in its commercial capacity and, indeed, at the outer limits, could undermine its ability to provide the needed coverage. Consequently, we decline to conjure up, in the absence of express congressional direction, a requirement that interest be awarded on disputed federal crop insurance claims.

*Id.* at 1154.

4

Similarly, Congress provided no express direction that agents be allowed to overcome sovereign immunity in suits against the FCIC seeking declaratory relief. Thus, the Court should adopt the reasoning that the *R&R Farm Enterprises* court applied to claims for pre- and post-judgment interest and hold that sovereign immunity bars Altman's suit in this case.

## CONCLUSION

This supplemental memorandum explains the FCIC's position that it is immune from suit in this case because suits by insurance agents for declaratory relief do not come within the scope of the "sue and be sued" provision, 7 U.S.C. § 1506(d). In contrast, the FCIC's position in *Brisk Ins. Servs. LLC v. FCIC* is based on the sovereign immunity waiver in the APA and the injunctive relief requested in that case.

Dated: April 27, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____ */s/ Allison I. Brown* _____
ALLISON I. BROWN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7822

*Attorneys for the United States of America*

5