UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE ALTMAN GROUP, INC.,

Plaintiff,

v.

FEDERAL CROP INSURANCE CORP., *et al.*,

Defendants.

Civil Action No. 25-2193 (SLS)

**FEDERAL DEFENDANT'S SECOND SUPPLEMENTAL MEMORANDUM
<u>REGARDING SOVEREIGN IMMUNITY</u>**

Pursuant to the Court's Minute Order of May 4, 2026, Defendant Federal Crop Insurance Corporation ("FCIC") hereby submits a supplemental memorandum expanding on the FCIC's position on whether the Federal Crop Insurance Act ("FCIA"), 7 U.S.C. § 1506(d), waives the FCIC's immunity from suit. FCIC respectfully submits that it is immune from suit in this case because suits by insurance agents for declaratory relief do not come within the scope of the relevant statute's "sue and be sued" provision.

In this suit, Plaintiff The Altman Group, Inc. ("Altman") is a crop insurance agent seeking a series of declaratory judgments in an attempt to impose duties on the FCIC in order to increase its compensation from an insurance company for selling federally subsidized crop insurance. No waiver of sovereign immunity exists as to Altman's claims, because 7 U.S.C. § 1506(d) establishes that FCIC may sue and be sued in its corporate name but does not waive sovereign immunity for an agent's suit for declaratory judgments relating to its compensation, which would interfere with the agency's governmental function.

**I.      The FCIA Lacks an Express Waiver of Immunity Applicable to this Suit.**

In *New Heights Farm I, LLC v. Great Am. Ins. Co.,* the Sixth Circuit evaluated a claim by a farmer seeking payment on a claim for indemnity where FCIC had not yet denied the claim. 119 F.4th 455, 463 (6th Cir. 2024). The FCIA explicitly provides for suits against FCIC if a claim for indemnity is denied by the FCIC or an Approved Insurance Provider ("AIP"), stating "an action on the claim may be brought against the [FCIC] or the Secretary only in the United States district court for the district in which the insured farm is located." 7 U.S.C. § 1508(j)(2)(A). The court construed the "sue and be sued" clause in the FCIA narrowly, determining that the FCIC had not waived its immunity even where it had "constructively denied" a farmer's claims by failing to close out an extended investigation of the basis for the claim. *Id*. In responding to the plaintiffs' claim that the extended investigation was a "constructive denial" that was effectively the same as an actual denial, the court held that it was not the same, and the FCIA does not contain an "'express, clear and unequivocal'" waiver of sovereign immunity with respect to constructive denial claims. *Id.* (quoting *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998)). The Sixth Circuit recognized that Congress knows how to be explicit in describing constructive denial when it intends to allow suits in those circumstances. *Id*. It also highlighted that the FCIA's structure reinforced its conclusion, because the statute of limitations provision for suits by farmers in the event of a denied claim ran from FCIC's "final notice" of denial. *Id.* at 464 (citing § 1508(j)(2)(B)). Similarly, the FCIA does not contain an express waiver of sovereign immunity with respect to claims against the FCIC by agents, and thus, the Court should find that Congress did not waive sovereign immunity for the claims put forward in this suit.

**II.     The Claims at Issue Relate to FCIC's Governmental Activity.**

Courts distinguish between suits based on commercial activity and governmental activity in analyzing sovereign immunity. In a 2019 case against the Tennessee Valley Authority analyzing

the "sue and be sued" clause, the Supreme Court determined that "suits based on a public corporation's *commercial* activity may proceed as they would against a private company; only suits challenging the entity's *governmental* activity may run into an implied limit on its sue-and-be-sued clause." *Thacker v. TVA,* 587 U.S. 218, 227 (2019) (emphasis in original) (remanding to lower court decide whether the conduct alleged to be negligent was "governmental or commercial in nature"). Altman's suit purports to challenge FCIC's governmental authority, because it seeks a court order essentially declaring that FCIC failed as a regulator of private parties. *See generally* Compl. Thus, Altman asks that the Court declare that FCIC must take actions to "force compliance" (Compl., Prayer for Relief, at p. 64, § E) and that it failed in its duty to ensure that the private agreement known as the Multiple Peril Commission Schedule complies with the FCIA (*id.* § R). Regulatory activities such as these are activities in which governmental entities engage rather than activities in which commercial entities engage.

Indeed, the Supreme Court has confirmed that "sue and be sued" clauses are not absolute waivers of sovereign immunity. In *Federal Housing Administration v. Burr,* 309 U.S. 242 (1940), the Supreme Court held that sue-and-be-sued clauses should be "liberally construed," but it stated that the clauses can be limited by implication in certain circumstances, specifically where it is "clearly shown" that the:

> suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense.

*Id*. at 245. In *Burr,* the plaintiff had obtained a judgment against an employee of the Federal Housing Administration and had served the agency with a writ to garnish the employee's wages. *Id.* at 243. The Court observed that the claimant was seeking to hold the agency liable just like it would any other business. *Id.* at 246. In evaluating the "sue and be sued" clause, it held that the

"words in their usual and ordinary sense," "embrace all civil process incident to the commencement or continuance of legal proceedings." *Id*. at 245-246. It therefore allowed the garnishment, as garnishment was "a well-known remedy." *Id.* at 246. In contrast, courts have relied on the language in *Burr* regarding exceptions to the sovereign immunity waiver in statutes with sue-and-be-sued clauses (*id.* at 245) to find that enforcing state protective orders at federal places of business interferes with governmental functions. *See, e.g.*, *Hendy v. Bello,* Civ. A. No. 13-1060, 2014 U.S. App. LEXIS 2250, at *6 (4th Cir. Feb. 6, 2014); *Turner v. Scott,* Civ. A. No. 18-998, 2019 U.S. Dist. LEXIS 134810, at *5 (M.D. La. 2019). Specifically, the Fourth Circuit held that enforcement of a state protective order would "disturb the federal agency's internal functions" and qualify as a "grave interference" with a federal workplace. *Hendy,* 2014 U.S. App. LEXIS 2250, at *6.

In this matter, the relief that Altman seeks is inconsistent with the statutory scheme and would gravely interfere with FCIC's performance of its governmental function. Under the FCIA, FCIC's purpose is to strengthen the agricultural safety net by providing farmers affordable crop insurance that mitigates losses from natural disasters and market volatility. AIPs operate as the front-line service providers for producers—selling and servicing crop insurance policies through contracts with local crop insurance agents, performing underwriting, adjusting losses, and offering customer support. Pursuant to contracts with AIPs, crop insurance agents work directly with farmers and serve as the local delivery arm of the FCIP. Agents are paid by AIPs, not by FCIC. Agent compensation is governed by private contracts between AIPs and agents to which FCIC is not a party.

Under the FCIA, FCIC's role is to review and approve applications from AIPs ensuring that they adhere to the applicable statutes, regulations, and terms of their contracts with FCIC.[1] Consistent with this framework, there is no statutory authority or parallel process that requires the FCIC to approve, review, or determine the compensation arrangements between AIPs and their (approximately 13,500) contracted agents, nor has the FCIC ever evaluated agent contracts because it lacks the authority to do so. Altman alleges that the FCIA "determines the manner in which AIPs and crop insurance agents are compensated." Compl. ¶ 8. Yet Altman does not allege that the FCIA directs FCIC to set agent compensation rates. In fact, a court order directing FCIC to determine agent compensation rates would gravely interfere with the agency's statutory governmental functions, which include evaluating insurance providers but do not include setting compensation rates for agents.

III.    **The Supreme Court Continues to Recognize the Limits of Waiver Based on "Sue-and-be-Sued" Clauses.**

In *FDIC v. Meyer*, the Supreme Court confirmed that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." 510 U.S. 471, 475 (1994). It also stated that sue-and-be-sued clauses "should be liberally construed." *Id.* In *Meyer,* the Court evaluated the plaintiff's allegation that the agency, acting as a receiver of a failed bank, had terminated the plaintiff's employment and allegedly deprived him of a property right without due process of law. *Id.* at 473-74. First, the Court acknowledged *Burr's* holding that sue-and-be-sued clauses are limited where an agency shows that the suit is "not consistent with the statutory or regulatory scheme" or that a restriction is "necessary to avoid grave interference with the performance of a governmental function." *Id.* at 480 (citing *Burr,* 309 U.S. at 245); *see also*

---

[1] FCIC performs commercial activity in executing some of its responsibilities, such as providing reinsurance under 7 U.S.C. § 1508(k)(2).

*Loeffler v. Frank*, 486 U.S. 549, 556 (1998) (determining that Congress waived the United States Postal Service's immunity from interest awards only after determining that the "burden of complying with the order would not impair the Service's ability to perform its functions"). The Court explained that "the agency could not escape the liability a private enterprise would face in similar circumstances." *Meyer*, 510 U.S. at 482. It determined that the due process constitutional tort claim fell within the sue-and-be-sued waiver, although it ultimately found that the plaintiff had no cause of action. *Id*. at 484. Here, the activity at issue is setting compensation rates through a regulatory process and outside of a contractual negotiation, which is not a traditional commercial activity and is not comparable to liability a private enterprise would face in similar circumstances. *See id.; see also R & R Farm Enterprises, Inc. v. Federal Crop Insur. Corp.,* 788 F.2d 1148, 1154 (5th Cir. 1986) (in evaluating a claim for pre-and post-judgment interest, finding that "[a]n award of interest is not essential to proper functioning of the FCIC in its commercial capacity and, indeed, at the outer limits, could undermine its ability to provide the needed coverage.")

In *Keifer & Keifer v. R.F.C.,* 306 U.S. 381 (1939), the Supreme Court evaluated the "sue and be sued" clause in the 1932 statute creating a federal corporation created to lend money to farmers and livestock owners for agricultural purposes. There, the plaintiff had sued the federal corporation because it failed to feed and water livestock entrusted to it by the cattle-feeding contract. *Id.* at 394. The Court interpreted the general "sue and be sued" clause in the statute creating the federal corporation's predecessor as a general waiver of sovereign immunity as to that entity and declined to find an implied exception for torts, emphasizing that, at that time, "Congress [had] embarked upon a generous policy of consent for suits against the government sounding in tort." *Id.* at 396. As discussed above, the Supreme Court in *Burr* refined the analysis applicable to interpreting "sue and be sued" clauses, setting forth the principle that that an implied restriction of

6

the sovereign immunity waiver may be "necessary to avoid grave interference with the performance of a governmental function." *Burr,* 309 U.S. at 245. Consistent with the principles laid out in *Burr,* the Court should hold that the declaratory judgments Altman seeks in this suit would gravely interfere with FCIC's functions.

**CONCLUSION**

This second supplemental memorandum supports the FCIC's position that it is immune from suit in this case because suits by insurance agents for declaratory relief do not come within the scope of the relevant "sue and be sued" provision, 7 U.S.C. § 1506(d).

Dated: May 20, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  _____*/s/ Allison I. Brown*_____
ALLISON I. BROWN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-7822

*Attorneys for the United States of America*

7